UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HIGHLINE FINANCIAL GROUP, LLC, in its capacity as
Receiver for METCO LANDSCAPE, LLC,

      Plaintiff,

v.

HANOVER INSURANCE COMPANY, a Massachusetts
Corporation,

      Defendant.

---

## NOTICE OF REMOVAL

---

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
      COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446,

Defendant Hanover Insurance Company ("Hanover") removes this action from the

District Court, Arapahoe County, Colorado (state court case number

2024CV030856) to the United States District Court for the District of Colorado on

the basis that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of

removal, Hanover states as follows:

### BACKGROUND

1.     On July 27, 2022, the Boulder County District Court appointed the

Highline Financial Group, LLC (the "Receiver"), which is headed by Christopher

Harff, as the receiver over Metco Landscape, LLC ("Metco").

2.      Nearly two years later, on April 19, 2024, Metco, rather than the Receiver, filed a Complaint and Jury Demand ("Complaint") against Hanover in the Arapahoe County District Court, No. 2024CV30856 (the "State Court Action"). (*See* Complaint, submitted herewith.)

3.      The Complaint alleges Hanover breached a commercial property policy (the "Policy") by denying a theft claim involving more than 500 pieces of contractor's equipment, allegedly valued at roughly $1.3 million, and asserts claims for (1) breach of contract; (2) unreasonable delay/denial of benefits under C.R.S. §§ 10-3-1115 and 1116; and (3) common-law bad faith.

4.      When Metco filed the Complaint, it was subject to receivership. Indeed, to this day, Metco remains in receivership.

5.      Metco served the Complaint on Hanover on April 30, 2024 via its registered agent. (*See* Affidavit of Service, submitted herewith.)

6.      Hanover answered the Complaint and counterclaimed[1] on June 12, 2024.

7.      After the State Court granted in part and denied in part Metco's Motion re Sufficiency of Defendant's Answer, Hanover filed an Amended Answer on September 4, 2024.

---

[1] The State Court dismissed Hanover's Counterclaim on August 29, 2024.

8.      Metco Holdings, LLC owns 100% of the equity interests in Metco

Landscape. Metco Holdings, LLC has at least 2 members—Metco Investors, LLC

and one or more other members.[2] On information and belief, Metco Investors, LLC

is a multi-member LLC. Its citizenship cannot be determined without knowing the

citizenship of each of its members, and Metco refused to provide that information

when Hanover requested it.

9.      By contrast, the Receiver's citizenship is straightforward to determine.

Highline is a two-member LLC, and both of its members are domiciled in Colorado.

If the Receiver were named as Plaintiff, its joinder would create complete diversity

between the parties.

10.     From early in the State Court Action, Hanover sought citizenship

information. In addition to informal conferral with Metco's counsel, Hanover

specifically requested that information in its First Set of Written Discovery

Requests to Plaintiff, served on December 31, 2024.

11.     In its Response, Metco objected across the board and refused to provide

the requested information or produce any responsive documents. (*See* Metco's

Responses and Objections to Hanover's First Set of Written Discovery,

---

[2] In its Complaint against Metco Holdings, LLC, Metco Landscape, LLC, and
Metco Landscape Colorado Springs, LLC filed in Boulder County District Court,
Metco Investors, LLC alleged that it owns "75% of the equity interests in Metco
Holdings" and Metco Holdings, in turn, "owns 100% of the equity interests in Metco
Landscape. . ."

Interrogatory Nos. 13–20, Requests for Production Nos. 1–8, and Requests for Admission Nos. 1–12, attached as Exhibit A).

12.     In those responses, Metco asserted, among other things, that its citizenship and the citizenship of related entities were "not relevant to any claim or defense," and refused even to admit or deny whether any Metco member is a citizen of New Hampshire or Massachusetts, which are Hanover's states of citizenship. *Id*. Metco did not identify any member or provide any document bearing on the citizenship of Metco or the related entities.

13.     Hanover then raised this issue with the State Court in the parties' joint discovery-dispute submission and at the May 13, 2025 discovery-dispute conference, explaining that Metco's refusal to provide citizenship discovery deprived Hanover of any basis to certify, consistent with its Rule 11 obligations, that complete diversity existed between Metco and Hanover and, if left uncorrected, would allow Plaintiffs to run out the one-year removal period. (*See* Joint Discovery Dispute Submission 4–5, submitted herewith.)

14.     Although the State Court ruled on other issues addressed at that conference, it did not rule on Metco's citizenship objections or order any disclosure. As of the date of this Notice, Metco still has not disclosed to Hanover information concerning the citizenship of its members.

15.     On December 18, 2024, Hanover moved under C.R.C.P. 17(a) to substitute the Receiver as the named plaintiff in the State Court Action, on the

ground that, in light of the Boulder receivership order, the insurance claim asserted in the Complaint belongs to the receivership estate and must be prosecuted by Highline in its capacity as receiver, not by Metco in its own name ("Motion to Substitute").

16.    In response, on January 7, 2025, the Receiver filed in the Boulder County District Court a procedurally improper Motion to Confirm Receiver's Authority to Pursue and Prosecute, in the Name of Metco, Insurance Litigation Against Hanover Insurance ("Motion to Confirm").

17.    This maneuver was improper and legally baseless. The Boulder County District Court had no jurisdiction or authority to decide whether Metco had correctly named itself as the plaintiff in a case pending in a different district court. The maneuver, however, succeeded in significantly delaying Hanover from obtaining an order substituting the correct plaintiff—the Receiver—into the case and removing to federal court.

18.    The day after the Receiver filed that motion (and the day Metco's response to Hanover's Motion to Substitute was due), Metco filed an opposed Motion for Extension of Time to Respond to Defendant's Motion to Substitute Until Receivership Court Issues Order.

19.    Although Hanover opposed that motion, and without awaiting a response from Hanover, the State Court granted Metco's motion less than two hours after its filing. The State Court made Metco's deadline to respond to Hanover's

Motion to Substitute "within 7 days of the end of the Boulder District Court's order addressing any objections" to the Motion to Confirm.

20.    Hanover timely objected to the Motion to Confirm filed in the court without jurisdiction or authority to hear it (i.e., the Boulder County District Court) on January 13, 2025.

21.    The Boulder County District Court held a hearing on the Receiver's Motion to Confirm on March 12, 2025, took the Motion to Confirm and Hanover's objection under advisement, and, on Saturday, May 3, 2025, issued an order declining "to render an advisory opinion on the merits of any pending motions" in the Arapahoe County action, including Hanover's motion to substitute.

22.    The Boulder County District Court thus confirmed that it had no jurisdiction or authority to grant the Motion to Confirm from the beginning. The Motion to Confirm served its apparent purpose of creating delay and making it more difficult for Hanover to substitute the right plaintiff into the Arapahoe County District Court case.

23.    Under the Arapahoe County District Court's extension order, the Boulder court's May 3, 2025 ruling made Metco's response to Hanover's motion to substitute due on Monday, May 12, 2025. Metco did not file a response by that deadline.

24.     Because Metco failed to timely file its response, on May 13, 2025, Hanover filed a Notice of No Timely Response to Motion to Substitute Highline Financial Group, LLC, as Receiver for Metco Landscape, LLC as Plaintiff.

25.     Also on May 13, 2025, during a previously scheduled virtual hearing on a discovery dispute, Metco requested, over Hanover's objection, leave to file its response to Hanover's motion to substitute one day out of time. The Arapahoe County District Court granted that request over Hanover's objection, and Metco filed its Response in Opposition to Defendant's Motion to Substitute at 11:32 p.m. that same day. Hanover filed its Reply in Support of Motion to Substitute on May 19, 2025.

26.     On February 6, 2026, the Arapahoe County District Court issued a Combination Order resolving several pending motions, including Hanover's motion to substitute. In that Order, the court granted Hanover's motion to substitute, found that under the Amended Receivership Order and C.R.C.P. 17(a) the Receiver "is the appropriate entity to serve as the Plaintiff" and that Metco is "not the appropriate entity to serve as the Plaintiff," and ordered that Highline Financial Group, LLC, in its capacity as Receiver for Metco Landscape, LLC, be substituted as plaintiff in the State Court Action.

27.     As a result, the only properly joined plaintiff at the time of this removal is Highline Financial Group, LLC, in its capacity as Receiver for Metco Landscape, LLC.

28.    Since its appointment, the Receiver has routinely prosecuted Metco-related claims in its own name, in its capacity as receiver, in multiple Colorado district court actions and in an arbitration. Those matters include, among others:

      a.  *Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC v. Melcor TC Aurora, LLC*, Case No. 2024CV31176. *See* Complaint, attached as Exhibit B;

      b.  *Highline Financial Group LLC in its capacity as receiver to Metco Landscape, LLC v. Rockwood Homes, LLC*, Case No. 2023CV32052. See Complaint, attached as Exhibit C;

      c.  *Highline Financial Group LLC in its capacity as receiver to Metco Landscape, LLC v. 8400 E Crescent SM LLC*, Case No. 2023CV031116. See Complaint, attached as Exhibit D;

      d.  *Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC v. Basement Partners, LLC*, Case No. 2023CV030490. See Complaint, attached as Exhibit E;

      e.  *Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC v. Aspen View Homes, LLC*, Case No. 2023CV031100. See Complaint, attached as Exhibit F; and

      f.  *Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC v. CUC Construction, LLC*, Case No. 2023CV030419. *See* Complaint, attached as Exhibit G.

In each of these actions, the Receiver named itself, in its capacity as Receiver to Metco, as plaintiff rather than Metco. The Receiver commenced five of those district court actions before Metco filed the State Court Action, and commenced the other approximately six weeks after Metco filed the State Court Action. This case is the lone outlier in which the Receiver chose to proceed in Metco's name rather than in its own. The only purpose in doing so was to prevent Hanover from removing to federal court.

29.     The Receiver submitted the insurance claim at issue to Hanover in October 2022. Through this lawsuit, the Receiver now seeks to recover more than $1.3 million in alleged policy benefits, plus statutory double damages, attorney's fees, and other relief.

30.     Hanover denies that it breached the Policy, denies that it acted unreasonably, denies that it acted in bad faith, and denies that it caused any damages to the Receiver.

**GROUNDS FOR REMOVAL**

## I.     REMOVAL IS TIMELY

### A.     Although This Notice Is Filed More Than One Year After Commencement, Metco's Bad Faith Under 28 U.S.C. § 1446(c)(1) Makes Removal Timely.

31.     In cases predicated on diversity jurisdiction, a notice of removal generally must be filed "within 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). In 2011, Congress, however, created an express exception where "the

district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* In the same amendments, Congress further identified at least one specific form of bad faith: where "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal," such conduct "shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B). Like those plaintiffs, Metco deliberately failed and refused to disclose information related to its citizenship for diversity purposes and significantly stalled resolution of Hanover's Motino to Substitute to prevent Hanover from removing the State Court Action to this Court. The statutory scheme thus allows removal outside the one-year period where the plaintiff has deliberately structured or litigated the case to deny the defendant a fair opportunity to remove.

32.     The statute does not otherwise define "bad faith," and little binding authority from the Tenth Circuit or this District construes § 1446(c)(1). In the absence of controlling precedent, courts in this Circuit and elsewhere look to the statutory text and general principles of forum manipulation to determine whether a plaintiff has "acted in bad faith in order to prevent" removal. *See*, *e.g.*, *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1275–77 (D.N.M. 2014) (explaining that a plaintiff's "bad faith" under § 1446(c)(1) can manifest either by naming or retaining non-diverse "removal spoiler" defendants or by obscuring the amount in controversy so that the plaintiff's real reason for maintaining that posture past the one-year

mark is to keep the case in state court); *see also Holman v. Coventry Health & Life Ins. Co.*, 2017 WL 5514177, at *3–4 (W.D. Okla. Nov. 17, 2017).

33.    Courts applying § 1446(c)(1) found bad faith, and allowed removal beyond one year, in circumstances where plaintiffs deliberately maintained or manipulated parties to prevent removal and then corrected that posture only after the one-year deadline had passed. *See*, *e.g.*, *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 291–94 (5th Cir. 2019) (affirming bad faith finding where plaintiffs pursued only "half-hearted" litigation against a non-diverse defendant and dismissed it without consideration two days after the one year mark, demonstrating that the only purpose for keeping that party in the case was to block removal); *Hiser v. Seay*, 5:14-CV-170, 2014 WL 6885433, at *3 (W.D. Ky. Dec. 5, 2014) (finding bad faith where plaintiffs intentionally delayed finalizing settlement with a non-diverse defendant until after one year to prevent removal); *Comer v. Schmitt*, No. 2:15-CV-2599, 2015 WL 5954589, at *4 (S.D. Ohio Oct. 14, 2015), *report and recommendation adopted*, No. 2:15-CV-2599, 2015 WL 7076634 (S.D. Ohio Nov. 13, 2015) (similar). These decisions illustrate the type of deliberate forum manipulation that satisfies section 1446(c)(1). As discussed below, Metco and the Receiver employed the same kind of tactics here by suing in Metco's name despite the receivership, omitting the diverse real party in interest from the caption, and then delaying correction of that omission until after the one-year removal period.

### B.   Metco's Conduct Demonstrates Bad Faith.

34.   From the outset of this action, Metco and the Receiver pursued a deliberate strategy to keep this case in state court. They chose to proceed in the name of a defunct LLC that had no right to prosecute the claim, refused to disclose any of the citizenship information Hanover needed to complete its removal analysis so that it could satisfy its Rule 11 obligations prior to seeking removal, and did so even while filing every other comparable Metco-related action in Colorado in the Receiver's own name. This combination of miscaptioning, withholding jurisdictional facts, and stalling resolution of Hanover's Motion to Substitute was designed to keep Metco as the named plaintiff and prevent Hanover from exercising its right to remove within 1 year of commencement of the State Court Action.

35.   As noted above, the Boulder County District Court appointed Highline as Receiver over Metco on July 27, 2022, and vested it with complete and exclusive control over Metco's property and causes of action, including the authority to enforce all rights of action and claims belonging to Metco or the receivership estate. In the years that followed, when the Receiver pursued Metco-related claims in Colorado district court or arbitration, it did so in its own name, in its capacity as receiver to Metco Landscape, LLC, not in Metco's name. *See supra* Background ¶ 28. It filed at least six district court actions, plus an arbitration, on that basis— five before this State Court Action was filed and one shortly after. *Id.* In each of those matters, the Receiver invoked the Amended Receivership Order as the source

of its authority and held itself out as the real party in interest. *Id.* This coverage suit against Hanover is the lone outlier.

36.    The Receiver caused the State Court Action to be brought solely in Metco's name although it involves the same receivership and the same type of claim to recover money allegedly owed to the receivership estate. At the same time, while insisting on keeping Metco as the named plaintiff, Metco refused to provide basic jurisdictional information about its own diversity citizenship in response to targeted discovery requests, even though Hanover needed that information to determine whether diversity existed and to certify any removal under Rule 11. *Id.* ¶¶ 8–14.

37.    That deviation from an otherwise uniform practice is not accidental. At his July 29, 2025 deposition, Christopher Harff, the Receiver's principal, confirmed that, in six other lawsuits filed in Colorado district courts, the complaints were captioned "Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC," that he reviewed and approved those complaints before they were filed, and that he had no input into how the plaintiff was styled in those cases. *See* Exhibit. H (Dep. of Christopher Harff ("Harff Dep.") 221:7–222:11). He then explained that this case was different in that "Burg Simpson represents the receiver, and they made the election to style it under Metco and not Highline," and he relied on counsel to decide how the cases would be filed. *Id.* at 225:7–226:21. He further testified that he understood at the time of filing that the receivership order purported to allow cases to be brought in either the Receiver's name or Metco's

name. *Id.* Taken together, the Receiver's uniform practice in every other Metco matter and his testimony that counsel "elected" a different caption in this one case confirm that the plaintiff was not misnamed by mistake. Metco and the Receiver knowingly accepted counsel's choice to proceed in the name of a defunct LLC in receivership in the only lawsuit in which doing so kept the Receiver, the entity actually empowered to pursue the claim, out of the caption and thereby impeded Hanover's right to remove.

38.     There is no benign explanation for that outlier. The same Receiver, operating under the same Amended Receivership Order, consistently brought every other lawsuit in its own name, in its capacity as receiver to Metco, including suits filed both before and after this one. Only when suing Hanover, which is a diverse out-of-state insurer, did counsel abandon that practice and file in the name of Metco, a defunct Colorado LLC in receivership. Whatever Metco's ultimate citizenship, Plaintiffs knew that proceeding under the name of a defunct entity with no ongoing business and no right to prosecute the claim would prevent Hanover from timely removing to this Court. At the same time, Metco objected to every interrogatory, request for production, and request for admission seeking to identify its members or their citizenship, asserted that its own citizenship was "not relevant," and refused even to admit or deny whether any Metco member is a citizen of New Hampshire or Massachusetts. *See* Background ¶¶ 10–14; Ex. A. That combination of naming an improper plaintiff, concealing its diversity citizenship,

and stalling resolution of Hanover's Motion to Substitute is strong circumstantial evidence that Metco and the Receiver purposefully structured and litigated this case to keep Hanover from learning whether diversity existed and to block Hanover's right to remove.

### C. Metco Had No Good Faith Legal Basis to Proceed in Its Own Name as Plaintiff.

39. Beyond conflicting with the Receiver's uniform practice, naming Metco as plaintiff ignored the basic requirement that the plaintiff be the party with the real interest in the claim, as reflected in the Amended Receivership Order and Colorado law. *See* Background ¶17; *Wason v. Frank*, 44 P. 378, 380 (Colo. App. 1896); *Rossi v. Colorado Pulp & Paper Co.*, 299 P. 19, 29 (Colo. 1931). That is why every other lawsuit invoking the Amended Receivership Order has been filed by Highline Financial Group, LLC in its capacity as receiver to Metco Landscape, LLC.

40. The insurance claim underlying this action is no exception. It arose after the receivership was in place, was submitted to Hanover by the Receiver in that capacity, and seeks proceeds that all parties agree belong to the receivership estate and will be administered through the receivership. Suing instead in Metco's name is not a technical or harmless pleading error. It is a knowing decision to sue in the name of an entity with no real interest in or right to the claim. Proceeding as the Receiver and Metco did, while at the same time refusing to disclose basic citizenship information that Hanover needed to assess diversity and remove under Rule 11, cannot be reconciled with a good faith belief that Metco was the proper

plaintiff. *See* Background ¶¶ 8–14. These circumstances admit no other reasonable inference than Metco was named as the plaintiff in bad faith, to manipulate the forum and interfere with Hanover's ability to remove.

### D. Metco and the Receiver Delayed Resolution of the Substitution Motion

41.     Metco and the Receiver then compounded this conduct by seeking and obtaining delays that kept Hanover's Motion to Substitute unresolved until well after the one-year removal deadline expired. Hanover filed its Motion to Substitute on December 18, 2024. *See* Background ¶ 15. Rather than respond on the ordinary schedule, the Receiver on January 7, 2025, filed a Motion to Confirm in the Boulder receivership, and the next day Metco asked the Arapahoe County District Court to extend its response deadline "until Receivership Court issues [an] order," which the court granted the same day. *Id.* ¶¶ 16–18. When the Boulder court later declined, on May 3, 2025, to give any advisory ruling on substitution, Metco's extended response deadline became May 12, 2025, yet Metco still did not timely respond. *Id.* ¶¶ 21–23. Hanover was forced to file a Notice of No Timely Response on May 13, 2025, and only then did Metco seek and obtain leave to file its opposition one day late. *Id.* ¶¶24–25. Hanover timely filed its reply on May 19, 2025, making the Motion to Substitute fully briefed, but Metco's extension request, its decision to tie its response to the Boulder proceedings, and its failure to meet even the significantly extended deadline converted what should have been a three-week briefing schedule

into nearly five months and pushed the substitution issue up against, and then past, the one-year removal deadline.

42.    While Plaintiffs were delaying briefing, the Motion to Substitute to remained under advisement for the remainder of 2025, despite Hanover's repeated efforts to have that threshold issue resolved. On May 6, 2025, Hanover moved to stay the case and continue the trial pending a ruling on substitution, explaining that standing, limitations, and forum all depended on identifying the proper plaintiff and that the parties should not prepare for trial until that question was answered. The court continued the trial, agreeing that the Motion to Substitute needed to be resolved before the parties could proceed. Yet the court did not rule on the Motion to Substitute until it issued its Combination Order on February 6, 2026, which is ***more than thirteen months after the motion was filed***. *Id.* ¶ 18.

43.    By initially misnaming Metco instead of the Receiver, Metco and the Receiver prevented Hanover from removing. That is the same type of deliberate, deadline-defeating delay that constitutes bad faith within the meaning of § 1446(c)(1). In combination with the decision to bring the action in Metco's name of the Receiver, in the first place, and the refusal to disclose any of the citizenship information of Metco, these facts satisfy the statutory requirement of "bad faith in order to prevent [Hanover] from removing the action," making this removal timely under § 1446(c)(1).

## II.    DIVERSITY OF CITIZENSHIP EXISTS

44.    This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the opposing parties.

45.    A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id*.

46.    Here, the Receiver is a limited liability company and, per Mr. Harff's sworn deposition testimony, its only members are Mr. Harff and his spouse. Mr. Harff further indicated in that deposition that both he and his spouse are domiciled in, and thus citizens of, Colorado.

47.    Hanover is a foreign corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts. Therefore, Hanover is a citizen of New Hampshire and Massachusetts.

48.    Because the parties are citizens of different states, and Hanover is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441; *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (holding that the direct action proviso in section 1332 does not affect suits brought by insured against own insurer).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

49.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required to establish diversity jurisdiction. *See Dart Cherokee*, 574 U.S. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

50.     "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

51.     The Receiver seeks more than $1.3 million in actual damages in this action, exclusive of interest and costs, for allegedly covered benefits.

52.     The Receiver further seeks damages in the amount of double the covered benefits under C.R.S. § 10-3-1116, plus attorney fees and costs.

53.     Further, "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, any attorney fees incurred in this matter are in addition to the other damages alleged, which alone exceed the amount-in-controversy requirement.

54.     Hanover disputes the Receiver's damages claims. Nevertheless, the amount in controversy, including disputed benefits and statutory double damages, exclusive of interest and costs, is above the threshold required to establish diversity jurisdiction.

55.     The civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs as it indicates that "a monetary judgment against another party for more than $100,000.00," excluding interest and costs, is sought. (*See* State Court Civil Cover Sheet, submitted herewith.) The representation in the civil cover sheet establishes for purposes of federal diversity jurisdiction that the Receiver seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

56.     In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

57.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

58.     As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this

Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of

service of process, pleadings, and orders filed in the State Court Action are being

provided along with this Notice of Removal.

## NOTICE OF REMOVAL

59.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with

the Clerk of the State Court effects the removal of the State Court Action. A copy of

the Notice of Filing of Notice of Removal, filed contemporaneously in the State

Court Action, is attached hereto as Exhibit I.

## NO WAIVER

60.     No waiver, and no admission of fact, law, or liability, including,

without limitation, the amount of damages, if any, is intended by this Notice of

Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For the reasons set forth above, Defendant removes this action to the United

States District Court for the District of Colorado.

Dated: February 10, 2026.                    Respectfully submitted,


                                             *s/ Jacob F. Hollars*
                                             Evan Bennett Stephenson
                                             Jacob F. Hollars
                                             Yongxian (Xian) Wang
                                             Spencer Fane LLP
                                             1700 Lincoln Street, Suite 2000
                                             Denver, CO 80203
                                             Telephone: 303.839.3800
                                             Facsimile:  303.839.3838
                                             Email: estephenson@spencerfane.com
                                                     jhollars@spencerfane.com
                                                     ywang@spencerfane.com

                                             Attorney for Defendant Hanover
                                             Insurance Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 10, 2026, I electronically served the foregoing **NOTICE OF REMOVAL** to the following email addresses:

- **David K. TeSelle**
  dteselle@burgsimpson.com

- **Patrick M. Sweet**
  psweet@burgsimpson.com

- **Sophia E. Kyziridis**
  skyziridis@burgsimpson.com

- **Hannah E. Huston**
  hhuston@burgsimpson.com

*s/ Daniel Zhou*
Daniel Zhou, Legal Assistant