**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-00507-RMR-KAS

HIGHLINE FINANCIAL GROUP, LLC, in its capacity as Highline for METCO
LANDSCAPE, LLC,,

      Plaintiff,

v.

HANOVER INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Remand. ECF No. 24.
Defendant filed a Response, ECF No. 27, and Plaintiff filed a Reply, ECF No. 28. For the
following reason, the Motion to Remand is GRANTED.

## I.    BACKGROUND[1]

This case arises out of Defendant's ("Hanover") alleged breach of a commercial
property policy by denying a theft claim valued at roughly $1.3 million filed by Metco
Landscape, LLC ("Metco") on April 19, 2024. Prior to that, on July 27, 2022, Boulder
County District Court appointed Plaintiff Highline Financial Group, LLC ("Highline") as the
receiver over Metco. However, Metco filed the April 19, 2024 complaint and jury demand

---

[1] The following facts are from the "Background" section of Defendant's Notice of Removal, ECF No. 1,
and the "Facts" section of Plaintiff's Motion to Remand, ECF No. 24.

against Defendant in Arapahoe County District Court. Metco served the complaint on Hanover on April 30, 2024.

On December 18, 2024, Defendant Hanover moved to substitute Highline as the named plaintiff in the State Court action. In response, Highline filed an improper Motion to Confirm Receiver's Authority to Pursue and Prosecute, in the Name of Metco ("Motion to Confirm") in Boulder County District Court. The Boulder County District Court held a hearing addressing Highline's Motion to Confirm on March 12, 2025 and issued an order declining to render an advisory opinion on the merits of any pending motions in the Arapahoe County action on May 3, 2025. On February 6, 2026, the Arapahoe County District Court issued an order granting Defendant's motion to substitute and found that Highline was the appropriate entity to serve as plaintiff and that Metco was not the appropriate entity to serve as plaintiff. On February 10, 2026, Defendant Hanover filed its Notice of Removal.

Defendant Hanover is a foreign corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts. ECF No. 2 at 1. Highline is a citizen of Colorado because it is a limited liability company and its two members are individuals domiciled in Colorado.[2] ECF No. 27 at 3. Defendant sought citizenship information from Metco and Highline as early as December 31, 2024 in its First Set of Written Discovery Requests, but Metco objected and refused to provide the requested information.

---

[2] The Court notes that the Highline has not filed a Corporate Disclosure statement pursuant to Fed. R. Civ. P. 7.1.

2

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1446(a), a defendant "desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." The defendant's notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the bases of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* ¶1446(c)(1).

A motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a)." *Id.* § 1447(c). "If at any time before final judgment it appears that the

3

district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case." *Id.*

### III.    ANALYSIS

Highline argues that (1) "Metco did not take any action to prevent Hanover from removing this matter," ECF No. 24 at 8; (2) "Metco was the original plaintiff for no other reason than that it was the named insured under the insurance policy at issue and the Boulder District Court expressly permitted an action to be brought in the name of Metco," *id.*; and (3) the "substitution order is not binding and the Court should find that Metco was a proper plaintiff," *id.* at 9. According to Highline, Defendant Hanover "failed to remove this action in accordance with the procedural requirements of 28 U.S.C. § 1445, and this Court is therefore obligated to remand this matter to the Arapahoe County District Court." *Id.* at 1. Defendant Hanover contends that Highline's Motion to Remand is untimely and therefore should be denied. ECF No. 27 at 1-2. Additionally, Defendant Hanover asserts the case was properly removed under the removal statute's bad-faith provision. *Id.* at 7.

Before addressing the parties' arguments, the Court must assess the citizenship of Highline and Hanover—the parties in this case. "[B]ecause the jurisdiction of federal courts is limited, there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Here, Defendant Hanover invoked federal jurisdiction by filing the Notice of Removal on February 10, 2026, ECF No. 1, and, therefore, has the burden of proof.

4

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Limited liability companies are unincorporated associations. *Id.* at 1234. Defendant Hanover filed its Corporate Disclosure Statement, ECF No. 2, indicating that it is a citizen of New Hampshire and Massachusetts and has no parent corporation or publicly held corporation owning 10% or more of its stock pursuant to Fed. R. Civ. P. 7.1(a)(1). However, Defendant Hanover did not include all of its members or their citizenship in its Corporate Disclosure Statement. *See Siloam Springs Hotel*, 781 F.3d at 1234-35. Additionally, Plaintiff Highline, also a limited liability company, has not filed a Corporate Disclosure Statement at all. The Tenth Circuit has made clear that the information necessary to determine the citizenship of an entity party includes the "members of each limited liability company, the partners of each partnership, [and] the principal place of business of the corporation." *Carlson v. Colorado Ctr. for Reprod. Med., LLC*, No. 23-1095, Dkt. 010111027798, at 3 (10th Cir. Apr. 4, 2024). Without comprehensive citizenship information of both parties, the Court "cannot determine the existence or non-existence of diversity jurisdiction based on the record before us." *Id.* at 1239. Without this information from both parties, the Court does not have jurisdiction to proceed. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed and all doubts are to be resolved against removal.") (citations omitted). Therefore, the "appropriate course is to remand this matter." *Siloam*, 781 F.3d at 1239.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 24, is

**GRANTED**. The Clerk of Court shall **REMAND** this case to Arapahoe County District

Court and shall **CLOSE** the case here.


DATED:  June 8, 2026


BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

6